# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ISMETA SISIC,                    )
                                 )
            Plaintiff,            )
                                 )
        v.                       )    Case No. 15 C 8822
                                 )
THE MILLARD GROUP, INC.,         )
                                 )
            Defendant.            )

## MEMORANDUM ORDER

On receiving the Complaint and its attached Ex. A in this Title VII employment discrimination action brought by Ismeta Sisic ("Sisic") against her ex-employer The Millard Group, Inc.. this Court spotted what appeared to be an obvious and potentially fatal problem posed by that filing: It had been made 98 days after the June 29, 2015 signature date on the EEOC right-to-sue letter that is a precondition to the institution of Sisic's action, even though both the Title VII statute and the right-to-sue letter's specific terms allow just 90 days from the date of receipt. That being the case, this Court issued a brief October 26 sua sponte memorandum order directing Sisic's counsel to file a statement under oath "specifying the date on which the right-to-sue letter arrived at counsel's office."

What has arrived in response, however, is the attached sworn statement (Dkt. No. 8) from Sisic's <u>present</u> counsel, the lawyer who signed and filed the Complaint, <u>not</u> from the lawyer who represented Sisic before the EEOC and was therefore the person to whom the right-to-sue letter was addressed and transmitted. That won't do -- if the date of receipt of a right-to-sue letter by a later-retained counsel could convert an untimely filing to a timely one, the 90-day limitation would lose all meaning.

Under established caselaw the transmittal of a right-to-sue letter to a lawyer who represents a complaining employee or ex-employee starts the statutory 90-day clock running (Reschny v. Elk Grove Plating Co., 414 F.3d 821, 823 (7th Cir. 2005) and cases cited there). Here nothing suggests that attorney Julie Herrera ("Herrera"), who represented Sisic before the EEOC so that the agency naturally transmitted the letter to Herrera, was not representing Sisic when the letter was received (see DeTata v. Rollprint Packaging Prods. Inc., 632 F.3d 962, 970 (7th Cir. 2011) for a discussion of that possibility). Because nothing of that nature is even hinted at here -- indeed, the attached affidavit by the lawyer who filed this action certainly appears to negate that possibility -- the record must be treated as reflecting an out-of-time filing of this lawsuit.

Accordingly both the Complaint and this action must be and are dismissed. If despite the current filing by Sisic's counsel there is some explanation that calls for a different result, Fed. R. Civ. P. 59(e) provides a nonextendable 28-day window within which to file a motion to alter or amend this dismissal.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 29, 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ISMETA SISIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   15 cv 8822 |
| | ) | |
| THE MILLARD GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## STATEMENT OF RECEIPT OF EEOC RIGHT TO SUE

Pursuant to Judge Milton Shadur's October 26, 2015 order, Anthony J. Peraica, being duly sworn upon under oath, deposes and states as follows:

1. I am lead counsel for the Plaintiff, Ismeta Sisic.

2. I had received the EEOC letter from Ismeta Sisic on October 3, 2015.

3. The documents provided by Ismeta Sisic were unclear as to actual date when her former attorney, Julie O'Herrera, received the Right to Sue Letter.

Further Affiant Sayeth Not.

_____
Anthony J. Peraica

Signed and Sworn to before me
this 28th Day of October, 2015

_____
Notary Public

OFFICIAL SEAL
CHARLES E WINANS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:05/21/16

ATTACHMENT